**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL D. BROWN, | No.   19-73233 |
| Petitioner-Appellant, | Tax Ct. No.  18104-17L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted October 6, 2020
Pasadena, California

Before:  HURWITZ, BRESS, and BUMATAY, Circuit Judges.

Michael Brown appeals a United States Tax Court decision affirming Collection Due Process determinations that sustained the filing of two notices of federal tax liens and the return of his offer-in-compromise.  We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm in part, vacate in part, and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.   The IRS did not abuse its discretion in returning Brown's offer-in-compromise and sustaining the notices of federal tax liens.  The Internal Revenue Code requires the IRS to "consider[]" Brown's proposed offer-in-compromise.  26 U.S.C. § 6330(c)(3).  The IRS appeals officer did so.  She forwarded Brown's offer to two other IRS departments for review and then investigated the case herself, reasonably concluding that other pending matters that could affect Brown's tax liability precluded further consideration of the offer.  Contrary to Brown's claim, the Internal Revenue Manual did not "overrule" the Internal Revenue Code with respect to his offer-in-compromise.  The Manual instructs appeals officers to verify that there are no other pending matters related to the taxpayer and, if there are, to advise the taxpayer that the offer cannot proceed.  IRM 5.8.4.17(1), (2) (May 10, 2013).  Such an instruction is not inconsistent with the Code's requirement to "consider[]" an offer-in-compromise.  26 U.S.C. § 6330(c)(3).

2.   Brown's offer was not accepted by operation of law under 26 U.S.C. § 7122(f).  "An offer returned . . . is deemed pending only for the period between the date the offer is accepted for processing and the date the IRS returns the offer to the taxpayer."  26 C.F.R. § 301.7122-1(d)(2) (2002).  And an offer "will not be deemed to be accepted if the offer is, within the 24-month period, rejected by the [IRS], [or] returned by the [IRS] to the taxpayer as nonprocessable or no longer processable."  IRS Notice 2006-68, § 1.07, 2006-2 C.B. 105, 106.  The IRS returned

Brown's offer well before 24 months had elapsed since the submission of the offer-in-compromise.

3. Brown also challenges the IRS's refusal to return his Tax Increase Prevention and Reconciliation Act ("TIPRA") payment. In turn, the Commissioner questions our jurisdiction, and the Tax Court's jurisdiction, to consider this claim. As a federal appellate court, we must be sure of our own jurisdiction and that of the lower court. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Since jurisdiction was not meaningfully addressed before the Tax Court, and because the issue is a technical one under the tax laws, we remand for the Tax Court to consider whether it has jurisdiction over Brown's TIPRA payment claim.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**